BARRETT v. WARREN et al.

(Supreme Court, Appellate Term. November 6, 1903.)

1. SUIT AGAINST PARTNERSHIP—MEMBERSHIP OF DEFENDANT—SUFFICIENCY OF EVIDENCE.

Where plaintiff, suing a partnership, admits that he does not know who composed it, and the only contesting defendant testifies, as plaintiff's witness, that he was not a member, the complaint is properly dismissed, though plaintiff testifies to having received directions in his work from such defendant.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Dennis J. Barrett against Benjamin F. Warren and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

George J. Gruenberg, for appellant.
W. Martin Watson, for respondents.

PER CURIAM. The complaint was in writing, and therefrom it appeared that the action was upon a claim for work, labor, and services under a contract alleged to have been made with the defendants as copartners under the firm name of "The Richards Company." So far as appears from the return of the court below, the defendant Warren alone contested the claim, having denied every material allegation of the complaint. Upon the trial but two witnesses were called by the plaintiff—himself and the contesting defendant—and upon the conclusion of this testimony the justice dismissed the complaint for failure of proof. The ruling appears to be unassailable.

From the testimony of both witnesses, it appeared that the plaintiff had entered into a contract with "The Richards Company" for the per-

formance of the work sued for, and, consistently with the theory of his contention that the contracting firm was composed of the defendants, the plaintiff testified to certain conversations had with, and directions received from, the defendants Stevens and Warren. His own testimony, however, was to the effect that he did not know of whom "The Richards Company" was composed, and the defendant Warren, as a witness for the plaintiff, unequivocally denied his membership thereof. In view of this condition of the proof, the justice's conclusion that the action was not maintainable was obviously inevitable.

The judgment appealed from should be affirmed, with costs.